IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 16-00036-03-CR-W-DGK |
| SARAH M. DAVILA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

I held a change-of-plea hearing after this case was referred to me by United States District Court Judge Greg Kays. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On February 3, 2016, an Indictment was returned charging Defendant with, inter alia, one count conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1)(b)(1)(A) and 846. A change-of-plea hearing was held on January 3, 2018. Defendant was present, represented by appointed counsel Susan Hunt. The government was represented by Assistant United States Attorney Joseph Marquez. The proceeding was recorded and a transcript of the hearing was filed (Doc. No. 229).

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

2

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 3).

2. On February 3, 2016, Defendant was indicted with one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. She is requesting to enter a plea of guilty to the lesser-included charge of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. Defendant indicated that she understood (Tr. at 3-4).

3. The statutory penalty for the lesser included offense is not less than 5 years but not more than 40 years imprisonment, not more than a $5,000,000 fine, not less than 4 years supervised release, and an $100 mandatory special assessment fee (Tr. at 4). Defendant was informed of the penalty range and indicated that she understood (Tr. at 4).

4. Defendant was advised of the following:

    a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

    b. That she has the right to assistance of counsel throughout the trial

3

(Tr. at 5-6);

  c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

  d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6);

  e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6-7);

  f. That Defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 7); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

  5. Government counsel stated that if this case were to be tried, the evidence would be that members of the Jackson County Drug Task Force were involved in a large-scale drug trafficking operation between November 1, 2012 and March 31, 2014, involving the eleven people charged in the Indictment (Tr. at 9). On June 5, 2013, July 1, 2013, July 22, 2013 and July 30, 2013, an undercover detective purchased methamphetamine from Defendant (Tr. at 9). On August 20, 2013, a detective purchased almost 55 grams of methamphetamine from Defendant's girlfriend Kayla Smith, after Defendant told the detective Ms. Smith would be picking up the methamphetamine from their source because she was under house arrest (Tr. at 9-10). On August 29, 2013, a search warrant was served on the residence where Defendant lived. Law enforcement recovered methamphetamine and a firearm (Tr. at 10). The total

amount of methamphetamine for which Defendant is responsible is 192 grams actual (Tr. at 10).

      6.      Defendant was placed under oath and advised of perjury implications for any misrepresentations (Tr. at 8-9, 10). Defendant stated that between November 1, 2012 and March 31, 2014, she was within the Western District of Missouri (Tr. at 11). During this period of time, Defendant had an agreement with co-defendants Daniel Marshall, Alayna Graves, Kayla Smith, Jack Kirsch and William Fields to distribute more than 50 grams of methamphetamine (Tr. at 11-12). Defendant knew doing so was wrong, yet did so knowingly and intentionally (Tr. at 12).

      7.      I reviewed the plea agreement with Defendant (Tr. at 13-16).

      8.      No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 17).

      9.      Defendant was satisfied with Ms. Hunt's performance (Tr. at 17). There is nothing Defendant asked Ms. Hunt to do that Ms. Hunt did not do (Tr. at 17). Likewise, there is nothing Ms. Hunt has done that Defendant did not want her to do (Tr. at 17).

      10.      Defendant is 32 years old (Tr. at 18). She has completed some college and has not had any difficulty understanding the plea agreement (Tr. at 18). Defendant has no physical or mental health concerns that would prevent her from entering an intelligent and voluntary plea of guilty (Tr. at 18). She was not under the influence of any kind of drug or alcohol (Tr. at 18).

      11.      Defendant tendered a plea of guilty to the lesser included charge contained within Count One of the Indictment (Tr. at 19).

### V.   *ELEMENTS OF THE OFFENSE*

To sustain a conviction for conspiracy to distribute methamphetamine, the Government must prove: (1) there was an agreement to distribute a controlled substance; (2) the defendant

knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006); United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the lesser included charge contained within Count One of the Indictment.

A copy of this Report & Recommendation, transcript and the plea agreement are being forwarded to the District Judge for review. It is, accordingly

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty.

Counsel are advised that each has fourteen days from the date of this Report & Recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 2, 2018

6

Case 4:16-cr-00036-DGK   Document 243   Filed 02/02/18   Page 6 of 6